# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GARY J. HERSTEIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17-cv-3112 |
| v. ) | |
| ) | Magistrate Judge Susan E. Cox |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Gary J. Herstein ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") to deny his application for disability benefits. The parties have filed cross-motions for summary judgment. For the following reasons, Plaintiff's motion is granted [dkt. 16], the Commissioner's motion is denied [dkt. 20], and the case is remanded for further proceedings consistent with this opinion.[1]

Plaintiff suffers from systemic mastocytosis, which is "characterized by infiltration of mast cells into the tissues of the body, releasing chemicals that may cause itching, swelling, and fluid leakage from cells." (R. 24.) Symptoms may include "facial flushing, itching, a rapid heartbeat, abdominal cramps, lightheadedness, or even loss of consciousness." (Dkt. 16 at 2 n.1 (citing Mayo Clinic, "Systemic Mastocytosis," https://www.mayoclinic.org/diseases-conditions/systemic-mastocytosis/symptoms-causes/syc-20324426 (last visited September 21, 2017)).) Plaintiff's treating dermatologist is Dr. Joaquin Brevia, M.D. Plaintiff treated with Dr. Brevia from 2006 through 2015, with a gap in treatment from 2008 to 2012, due to lack of medical insurance. (Dkt. 16 at 2-4; R. 27.) Dr. Brevia treated Plaintiff regularly with weekly psoralen and ultraviolet A

---

[1] The Court construes Plaintiff's Memorandum in Support of Reversing the Decision of the Commissioner of Social Security as a motion for summary judgment.

treatment. (R. 304-46.) In 2013 and 2014, the medical records provide some indication that Plaintiff's medical condition had begun to deteriorate, including headaches, scalp sensitivity, fatigue, abdominal pain, and diarrhea. (R. 400-402, 550-564.)

On May 22, 2014, Dr. Brevia completed a Social Security Physical RFC Questionnaire for Plaintiff. (R. 607-612.) Dr. Brevia noted that Plaintiff's mastocytosis caused diarrhea, flushing, abdominal pain, headaches, itching, and rash, and that the condition could reasonably be expected to cause weakness, pain, and fatigue. (R. 607.) Dr. Brevia further opined that Plaintiff could not function in a competitive work setting on even a part-time basis, had marked impairments in his ability to perform activities of daily living, and would need to miss work four or more times per month if he were employed. (R. 609.) He further stated that Plaintiff's fatigue would severely impair his ability to work, and that he would need additional, unscheduled breaks. (R. 610.) Dr. Brevia provided a letter updating Plaintiff's condition on December 15, 2015. (R. 688.) Dr. Brevia explained that Plaintiff's "condition was initially indolent and asymptomatic but has been consistently worsening in severity with more systemic symptoms of excess histamine since 2008 causing fatigue, dyspnea on exercise and chest pain occasionally plus gastrointestinal symptoms like heart burn, abdominal pain and diarrhea." (R. 688.) According to Dr. Brevia, "[t]he interruption in treatment during 2008-2012 was detrimental and was due to lack of medical insurance and unemployment due to disability." (R. 688.) Dr. Brevia concluded that Plaintiff's "systemic mastocytosis symptoms" caused him "to be considered disable (sic) and unable to perform his daily activities and join the work force since 2008." (R. 688.)

Plaintiff filed an application for disability insurance benefits and supplemental security income on September 4, 2013. (R. 21.) His application was denied initially on January 7, 2014 and upon reconsideration on June 18, 2014. (R. 21.) Plaintiff requested a hearing before an ALJ, which was held on January 14, 2016. (R. 21) On March 11, 2016, ALJ Nathan Mellman issued an opinion

finding that Plaintiff was not disabled. (R. 74-85.) In reaching this decision, the ALJ considered the opinion of Dr. Brevia and afforded it no weight because the questionnaire he completed and the letter he provided "were not consistent with the medical record or even with the claimant's testimony." (R. 27.) The ALJ did not explain which portions of the medical record or testimony were inconsistent with Dr. Brevia's opinions. The remainder of the ALJ's analysis of Dr. Brevia's opinion consists of one sentence: "[t]he doctor apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what the claimant reported." (R. 27.)

Social Security regulations direct an ALJ to evaluate each medical opinion in the record. 20 C.F.R. § 416.927(c). Because of a treating physician's greater familiarity with the claimant's condition and the progression of his impairments, the opinion of a claimant's treating physician is entitled to controlling weight as long as it is supported by medical findings and is not inconsistent with other substantial evidence in the record.[2] 20 C.F.R. § 416.927(c)(2); *Loveless v. Colvin*, 810 F.3d 502, 507 (7th Cir. 2016); *Clifford v. Apfel*, 227 F.3d at 870. An ALJ must provide "good reasons" for how much weight he gives to a treating source's medical opinion. See *Collins v. Astrue*, 324 Fed. Appx. 516, 520 (7th Cir. 2009); 20 C.F.R. § 416.927(c)(2) ("We will always give good reasons in our…decisions for the weight we give your treating source's opinion."). When an ALJ decides for "good reasons" not to give controlling weight to a treating physician's opinion, he must determine what weight to give to it and other available medical opinions in accordance with a series of factors, including the length, nature, and extent of any treatment relationship; the frequency of examination; the physician's specialty; the supportability of the opinion; and the consistency of the physician's opinion with the record as a whole. *Yurt v. Colvin*, 758 F.3d at 860;

---

[2] A recent change to the Administration's regulation regarding weighing opinion evidence will eliminate this rule, commonly known as the "treating physician rule," for new claims filed on or after March 27, 2017. *Revisions to Rules Regarding the Evaluation of Medical Evidence,* 82 Fed. Reg. 5844, 5848–49 (Jan. 18, 2017) (to be codified at 20 C.F.R. pts. 404 and 416). For the purposes of this appeal, however, the prior version of the regulation applies.

3

*Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009); see 20 C.F.R. § 416.927(c)(2)-(6). An ALJ must provide "sound explanation" for the weight he gives each opinion. *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013). If he does not discuss each factor explicitly, the ALJ should demonstrate that he is aware of and has considered the relevant factors. *Schreiber v. Colvin*, 519 F. App'x 951, 959 (7th Cir. 2013).

Even if the Court were inclined to find that the ALJ had articulated a "good reason" for giving Dr. Brevia's opinion less than controlling weight, he failed to discuss all of the factors necessary in determining the weight to be given any opinion evidence. In particular, the ALJ did not consider Dr. Brevia's specialty as a psychiatrist, the length and nature of Plaintiff's treating relationship with Dr. Brevia, the frequency of his examinations, or the supportability of his opinion. This does not qualify as a sound explanation of the ALJ's decision to give Dr. Brevia's opinion no weight. Of the aforementioned factors, the only factor discussed by the ALJ was Dr. Brevia's consistency with the record as a whole, but even that discussion was truncated to the point that the Court cannot tell how or why the ALJ believed Dr. Brevia's opinion was not consistent with the remainder of the record. From the Court's review of the record, the opinion seems to tell a consistent story. Plaintiff had indolent, asymptomatic mastocytosis that was under control with treatment, lost his insurance, stopped treatment, his condition worsened while he was not getting treatment, leading to the severe symptoms and limitations described by Dr. Brevia by 2013 and 2014. Certainly, the ALJ is free to disagree with that assessment, and may do so, as long as he follows the appropriate steps and his conclusions are supported by substantial evidence. In the decision before the Court, the ALJ failed to do so. Therefore, because the ALJ failed to follow the proper steps in weighing Dr. Brevia's opinion,[3] the ALJ's opinion is reversed, and this case is

---

[3] The ALJ also failed to properly consider the opinion of Plaintiff's primary care physician as well, and should take the appropriate steps to consider that opinion on remand.

4

remanded for further proceedings consistent with this opinion.[4]

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion is granted [dkt. 16], the Commissioner's motion is denied [dkt. 20], and the case is remanded for further proceedings consistent with this opinion.

ENTERED: 6/8/2018

_____
U.S. Magistrate Judge, Susan E. Cox

---

[4] Because the Court remands on the basis articulated above, it does not reach the other issues raised by the Plaintiff on this appeal.